```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
```
THE ANNUITY, PENSION, WELFARE, TRAINING
AND LABOR MANAGEMENT COOPERATION
TRUST FUNDS OF THE INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 14-14B, AFL-
CIO, BY THEIR TRUSTEES EDWIN L. CHRISTIAN,
JOHN CRONIN, THOMAS D. GORDON, KENNETH
KLEMENS, JR., TYREEF BEVEL, JOHN F. O'HARE,
WILLIAM TYSON and MICHAEL SALGO, and
INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, BY ITS
BUSINESS MANAGER EDWIN L. CHRISTIAN,

*SUA SPONTE*
**REPORT AND**
**RECOMMENDATION**

23-CV-5434
(Donnelly, J.)
(Marutollo, M.J.)

Plaintiffs,

v.

CM ASHLAND CONSTRUCTION CORP.,

Defendant.
```
-------------------------------------------------------------------X
```

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Presently before the Court is Plaintiffs'[1] motion for an amended judgment ("Plaintiffs' Motion"). *See* Dkt. Nos. 21-26. For the reasons set forth below, the undersigned *sua sponte* respectfully recommends that Plaintiffs' Motion be granted in its entirety.

**I.  Background**

Plaintiffs commenced this action on July 18, 2023 against Defendant CM Ashland Construction Corp., pursuant to the Employee Retirement Income Security Act of 1974, as

---

[1] Plaintiffs are the Annuity, Pension, Welfare, Training and Labor Management Cooperation Trust Funds of the International Union of Operating Engineers Local 14-14B, AFL-CIO, by their Trustees Edwin L. Christian, John Cronin, Thomas D. Gordon, Kenneth Klemens, Jr., Tyreef Bevel, John F. O'Hare, William Tyson, and Michal Salgo (the "Funds"); and the International Union of Operating Engineers Local 14-14B, AFL-CIO, by its Business Manager Edwin L. Christian ("Local 14") (collectively, "Plaintiffs").

amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 141, *et seq.* (the "LMRA"). *See* Dkt. 2 ¶ 1.

In the Complaint, Plaintiffs sought an order compelling Defendant to submit to an audit of its books and records. *Id.* ¶ 1. Plaintiffs further sought to recover delinquent contributions and payments as identified through the audit, as well as accumulated interest, liquidated damages, audit costs, and attorneys' fees and costs. *Id.* at 10-11. Defendant failed to file an answer or otherwise move with respect to the Complaint in a timely manner. On August 24, 2023, the Clerk of the Court entered a certificate of default against Defendant. *See* Dkt. No. 10.

On August 28, 2023, Plaintiffs filed a motion for default judgment against Defendant. *See* Dkt. Nos. 12-16.

On January 12, 2024, the undersigned issued a Report and Recommendation recommending that the Court grant Plaintiffs' motion for default judgment in its entirety.[2] *See* Dkt. No. 17; *Annuity, Pension, Welfare, Training & Lab. Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Eng'rs Loc. 14-14B, AFL-CIO v. C.M. Ashland Constr.*, 714 F. Supp. 3d 167, 172-182 (E.D.N.Y. 2024). Specifically, the Report and Recommendation found that Plaintiffs established their right to an audit of Defendant's books and records and that Defendant had violated the collective bargaining agreement at issue, including such provisions mandating contributions to the employee benefit plans at issue, and was liable under ERISA and the LMRA. *See* Dkt. No. 17 at 11-13. In light of evidence submitted regarding attorneys' fees and costs, the undersigned recommended awarding Plaintiffs $2,821.00 in attorneys' fees and $587.00 in costs associated with initiating the suit and moving for default judgment against Defendant. *See id.* at 18-19

---

[2] The Court presumes the parties' familiarity with the full background of this matter and the findings of default and liability as noted in the Report and Recommendation dated January 12, 2024. Dkt. No. 17.

2

(finding reasonable Mr. Steinberg's $434.00 hourly rate and the 6.5 hours he expended drafting the pleadings and default judgment motion).

Because an audit of Defendant's books and records had not yet been conducted, however, the Report and Recommendation concluded that there did not exist a basis for awarding damages under ERISA or the LMRA. *See id.* at 15. Thus, the Report and Recommendation explained "[t]that following the audit, Plaintiffs [] be permitted to seek an amended judgment against Defendant for delinquent contributions determined to be due and owing, along with any requests for interest, liquidated damages, audit costs, and future attorneys' fees and costs." *Id.* at 16 (citing *Annuity, Pension, Welfare & Training Funds of Int'l Union of Operating Engineers Loc. 14-14B, AFL-CIO v. Marbro Realty Co. Inc.*, No. 11-CV-5722 (FB) (RER), 2012 WL 3536499, at *6 (E.D.N.Y. July 16, 2012)).

Defendants were served with the Report and Recommendation and did not object within the 14-day deadline imposed by 28 U.S.C. § 636(b)(1). *See* Dkt. Nos. 18, 19. Indeed, Defendants have not made any filing to date.

On January 31, 2024, Judge Donnelly adopted the Report and Recommendation in full, stating:

> [] I adopt the Report and Recommendation in its entirety and order that the plaintiffs' motion for default judgment is granted in its entirety against the defendant. The defendant is ordered to (1) submit to an audit of its books and records, to wit: its tax forms 941s; quarterly payroll tax forms, also known as NYS-45 tax forms; corporate payroll records (including information identifying hours paid and gross wages); cash disbursements records; tax forms W-2s; payroll reports (provided to the union or fund office, if applicable); and canceled checks; for the time period of July 29, 2020 through June 30, 2023; (2) pay the plaintiffs $2,821.00 in attorneys' fees; and (3) pay the plaintiffs $587.00 in costs.
>
> The Court also orders that, following the audit, the plaintiffs are permitted to seek an amended judgment against the defendant for

3

> any delinquent contributions plus interest, liquidated damages, audit costs, and attorneys' fees and costs.

Dkt. No. 19.  The Clerk of Court entered Judgment on February 1, 2024.  *See* Dkt. No. 20.

According to Plaintiffs, after obtaining "a certified copy of the judgment," and with a Clerk's Certificate, Plaintiffs "entered said judgment as a foreign judgment with the United States District Court for New Jersey.  *See* Dkt. No. 22 ¶ 4.  Plaintiffs assert that "[o]nce the foreign judgment was docketed, a copy of same with a writ of execution was delivered to the U.S. Marshal which in turn served the docketed judgment upon Defendant's banking institution."  *Id.*  Once this occurred, a representative from Defendant C.M. ASHLAND contacted [Plaintiffs' counsel] and in exchange for cooperating with the audit as directed in the judgment, Plaintiffs released the restrained bank account."  *Id*.

On September 11, 2024, Schultheis & Panettieri, LLP, the accounting firm hired by Plaintiffs to conduct the audit, issued a report that identified ERISA contributions, non-ERISA contributions, and interest totaling $18,066.64 as being due and owing to Plaintiffs.  *Id.* ¶ 5.  Plaintiffs then twice sent correspondence to Defendant demanding payment in the amount specified in the audit report but received no response.  *Id.*

On October 15, 2024, Plaintiffs filed their motion for amended judgment in accordance with the Court's Order adopting the Report and Recommendation.  *See* Dkt. Nos. 21-26.  Specifically, Plaintiffs filed a notice of motion (Dkt. No. 21), a statement of damages (Dkt. No. 21-1), and a proposed order (Dkt. No. 21-3).  Plaintiffs also filed declarations by Plaintiffs' counsel (Dkt. No. 22), Marlene Monterroso, Plaintiffs' Funds Manager (Dkt. No. 23), and Lisa Madeiras, a payroll audit manager for Schultheis & Panettieri, LLP (Dkt. No. 24).  Plaintiffs also filed proof of service of the same on Defendant.  *See* Dkt. No. 26.

As set forth in Plaintiffs' Motion, Plaintiffs allege the following damages:

4

1. Principal amount sued for in delinquent ERISA contributions: $16,002.25

2. Interest at 6.0% (as prescribed by the Trust Agreements[3]) through August 19, 2024 as identified in the audit report: $864.99

3. Interest at 6.0% (as prescribed by the Trust Agreements) from August 20, 2024 through the date of judgment as to be calculated by the Clerk of the Court: TBD

4. Statutory Damages in an amount equal to the interest calculated pursuant to the audit report plus the amount calculated through the date of judgment by the Clerk of the Court: TBD

5. Attorneys' Fees: $2,447.50

6. Principal amount sued for in delinquent non-ERISA contributions as identified in the audit report: $1,199.40

7. Interest on the delinquent non-ERISA contributions at 9.0% (in accordance with N.Y. C.P.L.R. § 5004) from the intermediary date of March 15, 2023, through the date of judgment as calculated by the Clerk of the Court: TBD

8. Originally awarded attorneys' fees and costs pursuant to the Judgment entered on February 1, 2024 (ECF No. 20): $3,408.00

TOTAL OF DAMAGES TO DATE[4]: $23,922.14.

*See* Dkt. No. 21-1.  There has been no response from Defendant.

## II.    Discussion

As noted above, Plaintiffs were granted leave to seek this amended judgment by the Court's January 31, 2024 Order.  *See* Dkt. No. 19.  Indeed, as noted in the Report and Recommendation in this action, courts have allowed similarly-situated plaintiffs to petition the Court to amend the judgment to include this recovery.  *See, e.g.*, *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v.*

---

[3] The "Trust Agreements" are the documents establishing the respective joint trustee funds, pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.  Dkt. No. 2 ¶¶ 4, 22.

[4] The filing was made on October 15, 2025.  *See* Dkt. No. 21.

5

*Rizzo Env't Servs. Corp.*, No. 22-CV-00556 (NGG) (LB), 2022 WL 1460585, at *5 (E.D.N.Y. May 9, 2022) ("Upon the completion of the audit, plaintiff should be permitted to apply to this Court for additional relief as provided for under ERISA and the LMRA."); *Annuity, Pension, Welfare, Training & Lab. Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Eng'rs, Loc. 14-14B, AFL-CIO by Christian v. Midwest Rem Enters., Inc.*, No. 20-CV-5893 (AMD), 2021 WL 4341416, at *6 (E.D.N.Y. Sept. 1, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 4340965 (E.D.N.Y. Sept. 23, 2021); *Marbro Realty Co. Inc.*, 2012 WL 3536499, at *6 (recommending "that if after completion of the audit, Plaintiffs determine that [the defendant entity] failed to properly contribute to the [f]unds, then Plaintiffs should be permitted to ask the Court for additional relief, with proper evidentiary support."); *cf. Trustees of the Plumbers Loc. Union No. 1 Welfare Fund, v. Alessandro Plumbing, Inc.*, No. 16-CV-3866 (RJD) (RER), 2017 WL 3927491, at *2-*3 (E.D.N.Y. Apr. 26, 2017) (recommending that the Court "toll Plaintiffs' claims for damages pursuant to that audit for one year upon the completion of the audit.").

The Court also has authority to supplement the damages awarded by its January 31, 2024 Order under its inherent power to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *See Dietz v. Bouldin.*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962)) (quotations omitted). Moreover, the Court has authority under Federal Rule of Civil Procedure 60(b) to grant Plaintiffs relief from the Court's January 31, 2024 Order and amend the damages awarded therein. *See* Fed. R. Civ. P. 60(b); *see also S.E.C. v. Cohen*, 671 F. Supp. 3d 319, 322 (E.D.N.Y. 2023) ("The decision whether to grant a Rule 60(b) motion is 'committed to the sound discretion of the district court.'") (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)) (quotations omitted).

        **a.**      **Unpaid ERISA and non-ERISA Contributions**

Plaintiffs allege that they are owed ERISA contributions, interest, and non-ERISA contributions totaling $18,066.64, as identified in the Court-mandated audit of Defendant, issued on September 11, 2024. *See* Dkt Nos. 22 ¶ 5; 22-1 at 1. This figure is comprised of $16,867.24 in ERISA contributions, with interest, and $1,199.40 in non-ERISA contributions for the deficiency period of March 1, 2022 through February 29, 2024. *See* Dkt. Nos. 22 ¶ 7; 22-1 at 1.

Section 502(g) of ERISA provides that upon finding a violation of Section 515, "the court shall award the plan" the following:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

*The Annuity, Pension, Welfare and Training Funds of the Int'l Union of Operating Engineers Local 14-14B, AFL-CIO v. Superior Site Work*, No. 15-CV-0543 (MKB), 2017 WL 639248, at *5 (E.D.N.Y. Feb. 16, 2017) (quoting 29 U.S.C. § 1132(g)). Moreover, the "special remedy against employers who are delinquent in meeting their contractual obligations that is created by § 502(g)(2) includes a mandatory award of prejudgment interest plus liquidated damages in an amount at least equal to that interest, as well as attorney's fees and costs." *Id.* (quoting *Int'l Ass'n*

7

*of Heat & Frost Insulators v. CAC of N.Y., Inc.*, No. 13-CV-39 (SAS), 2015 WL 691192, at *2 (S.D.N.Y. Feb. 18, 2015)).

### 1.   Unpaid ERISA Contributions

Plaintiffs' Motion supports an award of $16,002.25 in ERISA contribution damages, before the addition of interest. Here, Plaintiffs evaluated the "Audited Hours" in the "Appendix A" annexed to the audit report issued by Schultheis & Panettieri, LLP. *See* Dkt. Nos. 24 ¶ 3; 22-1. That report identified the total number of regular and/or overtime hours worked by each of the specific individuals employed by the Defendant during the various four (4) month periods encompassing the entire period audited. *See id*. The hours each employee worked were obtained and verified by employee payroll records, including NYS-45 Payroll Tax Returns made available to the auditor by Defendant. Dkt. No. 24 ¶ 3. These verified regular and overtime hours were then multiplied by the employees' respective fringe benefit contribution rates, as stipulated in the collective bargaining agreements, and which Plaintiffs identified in the Wage Scales included with Plaintiffs' Motion. *See* Dkt. Nos. 25 § A; 22-11. Based upon these calculations, the auditor determined that Defendant owes Plaintiffs $16,002.25 in welfare, pension, annuity, training and voluntary annuity contributions. *See* Dkt. No. 22-1 at 1.

In light of the evidence provided by Plaintiffs, namely, the audit report, as well as the documents supporting the calculations contained therein, the Court is satisfied that Plaintiff has met its burden of proving these damages with "reasonable certainty." *See Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020); *see also Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (noting that a damages hearing is not imperative under Fed. R. Civ. P. 55(b)(2) when a court can review detailed affidavits and documentary evidence).

The undersigned respectfully recommends that this amount is substantiated by the evidence submitted by Plaintiffs.

### 2.      Interest on ERISA Deficiency

Plaintiffs' Motion also supports their claims to $864.99 in interest on the principal sum of $16,002.25, calculated at the annual rate of 6.0% in accordance with applicable provisions of the Trust Agreements and through August 19, 2024.  *See* Dkt. Nos. 22-1 at 1; 24 at ¶ 6.  In calculating the interest owed, Plaintiffs' auditor utilized the following formula: "*[number of days] x [interest rate (6%)] / [365 days] x [amount owed in straight + overtime contributions]*."  Dkt. No. 24 ¶ 6 (emphasis in original).  Plaintiffs then calculated interest for each of the four-month deficiency periods identified in the audit report.  *Id.*; Dkt. No. 22-1 at 2-5.  Specifically, the audit report applied a 6% rate and calculated accrued interest from the last date of each respective deficiency period, through August 19, 2025.  *See* Dkt. No. 22-1 at 2-5.

Courts in this District have approved such an approach to calculating interest on deficient ERISA contributions.  *See Superior Site Work, Inc.*, 2017 WL 639248, at *5 n.10 (explaining that calculating interest from the last day of each audited four-month deficiency period is proper, "[p]resumably, [] because an employer purchases stamps that are valid for a four-month period, and employees redeem those stamps at the end of the four-month period.") (citing *Annuity, Pension, Welfare & Training Funds of the Int'l Union of Operating Eng'rs Local 14-14B v. Integrated Structures Corp.*, No. 12-CV-6354 (FB) (CLP), 2013 WL 4095651, at *7 (E.D.N.Y. Aug. 13, 2013)).

Plaintiffs are also entitled to an amount in prejudgment interest calculated at the rate of 6.0% on the principal sum of $16,002.25 from August 20, 2024 through the date of final judgment as calculated by the Clerk of the Court.  *See* Dkt. No. 25 § B.  Such awards of interest on the unpaid

9

contributions are mandatory pursuant to ERISA, which applies the interest rate provided under the operant employment benefit plan. *See* 29 U.S.C. § 1132(g)(2)(B) (In enforcement actions in which judgment in favor of the plan is awarded, "[t]the court *shall* award the plan [] (A) the unpaid contributions[;] [and] (B) interest on the unpaid contributions[.]") (emphasis added).

Here, the Trust Agreements provide for an interest rate of 6%. *See* Dkt. Nos. 25 § B; 22-6 § 4.7(2); 22-7 Art. VII § 2; 22-8 Art. VII § 2; 22-9 § 4.7(2). The entry of a judgment of default also constitutes a judgment in favor of the plan. *See, e.g., Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 162 (E.D.N.Y. 2008) (awarding prejudgment interest under 29 U.S.C. § 1132(g)(2)(B) against defendant in default).

Thus, the undersigned is satisfied, in light of the evidence provided, that Plaintiffs are entitled to $864.99 in interest on the principal sum of $16,002.25 (as calculated through August 19, 2024), as well as such interest at a rate of 6% from August 20, 2024 through the date of final judgment as calculated by the Clerk of the Court.

    **b.**    **Statutory Damages**

Plaintiffs' Motion also demonstrates their entitlement to statutory damages of an amount equal to the greater of (i) interest on the unpaid contributions; or (ii) liquidated damages provided for under the Plans that is not greater than 20% of the unpaid contributions. *See* Dkt. No. 25 § B (citing 29 U.S.C. § 1132(g)(2)(C)). Because the Trust Agreements do not provide for a liquidated damages calculation, the undersigned respectfully submits that Plaintiffs are entitled to an amount in statutory damages equal to $864.99 (representing interest on the principal sum of $16,002.25 through August 19, 2024), as well as such interest at a rate of 6% from August 20, 2024 through the date of final judgment, as calculated by the Clerk of the Court. *Id.*

10

### c. Attorneys' Fees

Additionally, Plaintiffs' Motion demonstrates their entitlement to reasonable attorneys' fees accrued in preparation of the same, in accordance with the applicable provisions of the Trust Agreements and ERISA, 29 U.S.C. § 1132(g)(2)(D), amounting to $2,447.50. *See* Dkt. No. 25 § D. District courts are obliged to award attorneys' fees and costs in successful ERISA actions that result in judgment in favor of the plan. *See* 29 U.S.C. § 1132(g)(2)(D); *see also Labarbera v. Clestra Hauserman, Inc.*, 369 F.3d 225, 226 (2d Cir. 2004). Specifically, Plaintiffs state that its counsel, Mr. Steinberg, logged 5.5 hours at an hourly rate of $445.00 in preparation of the instant Motion. *Id.*; *see also* Dkt. Nos. 22 ¶ 10-11; 22-12. Though Plaintiffs' timekeeping records are not contemporaneous and have been recreated, Courts in this Circuit have found such records acceptable. *See Superior Site Work*, 2017 WL 639248, at *7 n.13 (The "court recognizes that attorney affidavits which set forth all charges with the required specificity but which are reconstructions of the contemporaneous [time] records . . . suffice to permit recovery of attorneys' fees[.]").

In the January 12, 2024 Report and Recommendation, later adopted in full by Judge Donnelly, *see* Dkt. No. 19, the Court found Plaintiffs' counsel's then-$434.00 hourly rate reasonable in light of his experience in practicing ERISA-related litigation since 1995. *See* Dkt. No. 17 at 17-18. Plaintiffs' counsel now states that his hourly rate increased to $445.00 on January 1, 2024.[5] *See* Dkt. No. 22 ¶ 10.

Courts in this Circuit have approved hourly rates for partners in ERISA matters from $200 to $450 per hour. *See, e.g.*, *Superior Site Work, Inc.*, 2017 WL 639248, at *7. Thus, the

---

[5] Plaintiffs' counsel's stated prior $434.00 hourly rate is noted in his motion for default judgment, filed on August 28, 2023. *See* Dkt. No. 15 § C. Plaintiffs' counsel's updated rate, effective January 1, 2024, is noted in his motion for amended judgment, filed on October 15, 2024. *See* Dkt. No. 25 § D.

11

undersigned finds Mr. Steinberg's hourly rate of $445.00 reasonable. Further, the Court finds reasonable Plaintiffs' counsel's expenditure of 5.5 hours in preparing this Motion.

Thus, the undersigned respectfully recommends that Plaintiffs have established their entitlement to reasonable attorneys' fees of $2,447.50. *See* Dkt. No. 25 § D.[6]

### d. Non-ERISA Deficiency

Plaintiffs' Motion demonstrates Plaintiffs' entitlement to non-ERISA contributions, including labor management cooperation trust fund contributions, dues assessment (a/k/a union assessment), and defense fund payments, in accordance with the terms of the operant collective bargaining agreements between Plaintiffs and Defendant. *See* Dkt. Nos. 23 ¶ 7; 22-4 Art. XI, Subdivision A §§ 1-9; 22-5 Art. XI, Subdivision A §§ 1-9. Specifically, Plaintiffs allege that Defendants owe non-ERISA contributions totaling $1,199.40. *See* Dkt. No. 22-1 at 1. As Plaintiffs note, the failure of Defendant to pay these obligations as required by the parties' collective bargaining agreements rises to a violation of the LMRA. *See* Dkt. No. 25 § E (citing *Finkel v. Colony Elec. Co.*, No. 10-CV-2240 (FB) (LB), 2010 WL 5665042, at *4 (E.D.N.Y. Nov. 8, 2010), *report and recommendation adopted*, 2011 WL 346738 (E.D.N.Y. Feb. 1, 2011)).

The undersigned is satisfied that Plaintiffs' Motion substantiates their entitlement to such non-ERISA contributions. Accordingly, the undersigned respectfully recommends that is it proper that $1,199.40 in non-ERISA contributions be awarded to Plaintiffs. *See* Dkt. Nos. 22-3 ¶ 5; 22-4 Art. XI, Subdivision A, §10; 22-5 Art. XI, Subdivision A § 10.

### e. Interest on Non-ERISA Deficiency

Plaintiffs also seek "to be determined" interest on Defendants' outstanding non-ERISA contributions at a rate of nine percent (9.0%), as provided by N.Y. C.P.L.R. § 5004. *See* Dkt. No.

---

[6] As noted in the Report and Recommendation, although Mr. Edward M. Christian is listed on the docket in this case, Mr. Steinberg is the only attorney seeking fees herein. *See* Dkt. No. 19 at n.7.

12

22-1 § F; N.Y. C.P.L.R. § 5004.  Plaintiffs correctly note that awarding pre-judgment interest is within this Court's discretion.  *See id.*; *Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d at 162 ("With respect to the non–ERISA Plans, the Second Circuit permits an award of prejudgment interest for LMRA claims at the Court's discretion and at a rate within the Court's discretion.").  Where neither the statute nor collective bargaining agreement specifies an interest rate for non-ERISA deficiencies, application of the 9% annual interest rate for judgments arising under New York law is appropriate.  *See Superior Site Work, Inc.*, 2017 WL 639248, at *8-*9; *Trustees of Steamfitters' Loc. Union No. 638 Welfare Fund, Pension Fund, Supplemental Ret. Fund, Educ. Fund, Vacation Fund, Sec. Ben. Fund & Indus. Promotion Fund v. Nexus Mech., Inc.*, No. 08-CV-3214 (RRM) (MDG), 2014 WL 1338377, at *6 (E.D.N.Y. Apr. 2, 2014).

Courts in this district often apply the N.Y. C.P.L.R. § 5004 9% rate to non-ERISA deficiencies.  *See*, *e.g., Bricklayers Ins. & Welfare Fund v. J.K. Merillin Builders, Inc.*, No. 13-CV-1048, 2014 WL 6674404, at *7 (E.D.N.Y. Oct. 6, 2014).  Additionally, under New York law, where damages "were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *See Superior Site Work, Inc.*, 2017 WL 639248, at *9 (quoting N.Y. C.P.L.R. § 5001(b)).  Thus, courts in ERISA cases "routinely calculate prejudgment interest from a midpoint date in the delinquency period." *Id.* (quoting *Alston v. Northstar La Guardia LLC*, No. 10-CV-3611 (LAK) (GWG), 2010 WL 3432307, at *3 (S.D.N.Y. Sept. 3, 2010)).

Plaintiffs urges the Court adopt March 15, 2023 as a "single reasonable intermediate date" from which to calculate the interest owed by Defendant on the non-ERISA deficiency.  *See* Dkt. No. 25 § F; N.Y. C.P.L.R. § 5001(b); *see also Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Eng'rs, Loc. 15 , 15A, 15C & 15D, AFL-*

13

*CIO by Callahan v. Carlo Lizza & Sons Paving, Inc.*, No. 19-CV-2461 (BMC) (LB), 2019 WL 5694053, at *8 (E.D.N.Y. Aug. 22, 2019), *report and Recommendation adopted*, Sept. 9, 2019 Text Order (citing *Annuity, Pension, Welfare, Training & Lab. Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Eng'rs Loc. 14-14B, AFL-CIO by Christian v. BKS-NY, LLC*, No. 18-CV-256 (LDH) (VMS), 2018 WL 4522103, at *13 (E.D.N.Y. Aug. 6, 2018) (applying "single reasonable intermediate date")).

As noted above, Plaintiffs allege an underlying deficiency period of March 1, 2022 through February 29, 2024. *See* Dkt. No. 22 ¶ 7. The Court sees no reason to depart from Plaintiffs' proposed intermediary date of March 15, 2023 from which to calculate the interest due on Defendant's non-ERISA deficiency. Accordingly, the undersigned respectfully recommends Plaintiffs be awarded prejudgment interest at a rate of 9% on $1,199.40 in non-ERISA deficiencies from March 15, 2023 through the date of entry of judgment.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully recommends granting Plaintiffs' Motion. Should Judge Donnelly adopt this Report and Recommendation, the undersigned respectfully recommends that Plaintiffs' damages be calculated as noted below, for a total of $23,922.14, plus interest calculated through the date of entry of judgment. This amount includes the $3,408.00 in attorneys' fees and costs granted in the original Clerk's Judgment at Dkt. No. 20.

1. Delinquent ERISA contributions: $16,002.25.

2. Interest on delinquent ERISA contributions at 6.0% through August 19, 2024: $864.99.

3. Interest on delinquent ERISA contributions at 6.0% from August 20, 2024 through the date of entry of judgment.

4. Statutory Damages representing interest on delinquent ERISA contributions pursuant to the audit report, through August 19, 2024, as well as the amount of interest calculated from August 20, 2024 through the date of entry of judgment.

5. Attorneys' Fees: $2,447.50.

6. Delinquent non-ERISA contributions: $1,199.40.

7. Interest at 9.0% (in accordance with N.Y. C.P.L.R. § 5004) from the intermediary date of March 15, 2023 through the date of entry of judgment.

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Plaintiffs' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant and to file proof of service on the docket on or before April 9, 2025.

Copies shall be served at the following addresses:

CM Ashland Construction Corp.
40 Tudor Drive
Clark, New Jersey 07066

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Donnelly. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

15

**SO ORDERED.**

Dated: Brooklyn, New York
April 8, 2025

   */s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge